IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

FILED FEB 13 2019 Clerk, U.S. District Court District Of Montana Helena

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>vs.<br><br>PAUL LeTOURNEAU,<br><br>Defendant. | CR- 16-04-H-CCL<br><br>Order |

On January 9, 2019, this Court referred a Petition for Revocation for hearing, findings of fact, and recommendation to Magistrate Judge Lynch. (Doc. No. 26). The revocation hearing was held on January 17, 2019. Pending now before the Court are the Findings and Recommendations filed by Magistrate Judge Lynch on January 17, 2019. (Doc. No. 30). Neither party has submitted an objection to the Findings and Recommendations.

I. **Findings and Recommendations**

Judge Lynch found, based on Defendant Paul LeTourneau's admissions, that Defendant committed the eight violations of his conditions of supervised release as alleged in the petition. (Doc. No. 30 at 2).

1

Judge Lynch recommends that this Court: "revoke Defendant's supervised release, and that the Court (1) commit Defendant to the custody of the United States Bureau of Prisons for a term of time served, and (2) impose a term of 12 months of supervised release following his term of custoday." (Doc. No. 30 at 2).

## II. Discussion

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court "must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(emphasis in original). The Court therefore reviews the magistrate judge's findings and recommendations for clear error when, as in this case, neither party objects to the findings and recommendations.

Defendant admitted to having committed the violations of supervised release charged in the petition. Judge Lynch thoroughly questioned Mr. LeTourneau about his explanations for the various alleged violations and eventually accepted his admissions. (FTR Gold Recording of Jan. 17, 2019, Hearing.) The Court therefore finds by a preponderance of the evidence that Defendant committed eight violations of his conditions of supervised release, as charged in the petition. The Court also agrees with Judge Lynch that Defendant's

violations are serious and warrant revocation of Defendant's supervised release. *See* 18 U.S.C. § 3583(e)(3).

Judge Lynch notified Defendant that his violation grade is C, his criminal history category is II, his Chapter 7 Policy Guideline Range is 4-10 months, and that he could be incarcerated for up to 24 months. He was also notified that he could be required to serve a term of supervised release of up to 36 months. (Doc. No. 30 at 1 - 2). Neither counsel objected to these findings, and this Court agrees that the guideline range and supervised release findings made by the Magistrate Judge are correct.

The probation officer, defense counsel and government counsel all agreed that a sentence of time served followed by a term of supervised release would best address Defendant's violations while ensuring his ability to continue making required restitution payments. (FTR Gold Recording of Jan. 17, 2019 Hearing). Their recommendations are reflected in Judge Lynch's recommended sentence.

## III. Conclusion

Having considered the recommended sentence, the section 3553(a) statutory sentencing factors as made applicable by 18 U.S.C. § 3583(e), and the record in this case, the Court finds that the appropriate sentence should be as recommended by Judge Lynch. The Court adopts Judge Lynch's Findings and

Recommendations in full and shall enter Judgment accordingly.

The Clerk shall send a copy of this order to Judge Lynch and the United States Probation Office.

Done and dated this 7th day of February, 2019.

*/s/ Charles C. Lovell*
CHARLES C. LOVELL
UNITED STATES DISTRICT JUDGE